IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-CR-139-TCK |
| | ) | |
| MAX JAY DWYER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On March 17, 2005, Defendant, a federal inmate appearing *pro se*, filed a "Motion to Clarify Sentence Description on Judgment in a Criminal Case" (Dkt. # 54). In his motion, Defendant alleges that the Bureau of Prisons ("BOP") has improperly refused to credit his federal sentence with time served in state custody after his federal indictment but prior to entry of his federal sentence. Defendant requests that the Court "clarify" the sentence as reflected in the amended judgment (Dkt. # 49) filed in this case on July 20, 2000. The government filed a response (Dkt. # 58) to Defendant's motion. Defendant filed a reply (Dkt. # 67).

In his motion, Defendant fails to identify the basis for the Court's authority to enter the requested relief. Defendant does not challenge the validity of his conviction or sentence, but instead challenges the administration of his federal sentence by the BOP. Based on Defendant's allegations, the Court liberally construes the motion as a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the administration of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). A § 2241 petition is properly filed in the district in which the prisoner is confined. See, e.g., Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). At the time he filed his motion,

1

Defendant was housed at the Federal Correctional Institution, located in Florence, Colorado. Defendant is not confined in this district. As a result, the Court lacks jurisdiction to decide the issues raised in the motion. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

Such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." Haugh, 210 F.3d at 1150 (internal quotation marks omitted). "Nonetheless, . . . .a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Id. (internal quotation marks omitted). A "quick look at the merits" of Defendant's claim in this case convinces the Court that the claim lacks merit. Id.

The Court's records demonstrate, and Defendant concedes, that on May 6, 1999, Defendant was taken into custody in Rogers County, Oklahoma, based on conduct giving rise to the federal charge in this case. On June 7, 1999, Defendant began serving his Texas sentence resulting from parole violation. The federal indictment (Dkt. # 1) against Defendant was filed on September 10, 1999. On April 17, 2000, this Court sentenced Defendant on his plea of guilty to a term of imprisonment of 77 months, to be served concurrently with sentences for parole violation imposed in Williamson County, Texas, Case Nos. 86-037-K and 89-357-K. See Dkt. #s 27 and 28. On July 20, 2000, the Court entered an amended judgment (Dkt. # 49) to reflect that Defendant's federal term of imprisonment was to be served concurrently with Williamson County, Texas Case Nos. 86-037-K and 89-357-K, and concurrently with Comal County, Texas Case No. CR-82-61-A.

Defendant appealed his federal conviction to the Tenth Circuit Court of Appeals, where, on April 10, 2001, the conviction and sentence were affirmed. See Dkt. # 52.

Calculation of Defendant's sentences is governed by 18 U.S.C. § 3585(b). That statute provides as follows:

> Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). In the motion before the Court, Defendant alleges that federal authorities have improperly refused to credit against his federal sentence the time he served in state custody prior to entry of his federal sentence. However, under § 3585(b), Defendant is simply not entitled to credit on his federal sentence for time credited against "another sentence," his Texas sentence, before entry of his federal sentence. The record reflects that Defendant has been given credit for the time period from May 6, 1999, to June 7, 1999, the time he was in Rogers County Jail on conduct resulting in the federal charge for which he was indicted. See Dkt. # 54, Ex. 3. However, once he began serving his sentence resulting from violation of parole entered by the State of Texas, he was no longer entitled to credit against his subsequently entered federal sentence since he was receiving credit against his Texas sentence. The federal and state sentences have been administered concurrently from the date of Defendant's federal sentencing. Defendant is not entitled to additional credit to his federal sentence.

Because the claim lacks merit, the Court declines to transfer Defendant's motion challenging the administration of his sentence to the proper judicial district. Therefore, the motion, liberally

construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus, shall be dismissed without prejudice to being reasserted in the proper forum.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the "motion to clarify sentence description" (Dkt. 54), liberally construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus, is **dismissed without prejudice** to being reasserted in the proper forum.

DATED this 21st day of November, 2006.

_Terence Kern_
TERENCE KERN
UNITED STATES DISTRICT JUDGE